GEORGE A. KIBBE & others *vs.* HAMILTON MUTUAL INSURANCE COMPANY.

An application made to a mutual insurance company, in a printed form issued by them, by one of their agents, without knowledge of the person to be insured, for insurance on a building, stated that "the property to be insured" belonged to him; when in fact he owned the building only, and was a mere tenant at will of the land on which it stood. A policy was issued thereon, expressly made subject to the lien of the company on the interest of the assured in any personal property or buildings insured and the land under such buildings, upon which lien the company expressed their intention to rely; and to the by-laws, the conditions of which were declared to be part of the policy, and provided that the application should be a part of the policy and warranty on the part of the assured, that any policy should be void "unless the true title and interest of the insured be expressed in the proposal or application," that "property held by lease, or standing on land so held, shall not be insured, unless specially described as such in the application," that "in case the application is made through an agent, the applicant shall be held liable for the representation," and that "no insurance agent or broker forwarding applications to this office is authorized to bind the company in any case whatever." *Held,* that the assured by accepting the policy adopted the representations of the agent; that the failure to specify the nature of his interest avoided the policy; and that parol evidence of the agent's knowledge of the actual facts was inadmissible.

ACTION OF CONTRACT upon a policy of insurance for $1400 upon a building in Springfield, made by the defendants to Robert G. Marsh, and by him assigned with their consent to the plaintiffs.

The policy was declared by printed clauses on its face to be made "under the provisions, conditions and limitations of the charter and by-laws of said company," and "subject to the lien on the interest of the person insured in any personal property or in any buildings covered by this policy, and the land under said

buildings," (upon which lien the company therein expressed their intention to rely,) and to be "accepted by the insured, subject at all times to the conditions and regulations of the act of incorporation and by-laws of said company for the time being in force, which conditions and regulations are hereby declared to form a part hereof." The by-laws contained these provisions :

ART. 6. " The application on which a policy is founded shall be held to be a warranty on the part of the insured and as absolutely a part of the policy and of the contract of insurance as if it were actually incorporated therein in full."

ART. 12. " Any policy issued by this company shall be void, unless the true title and interest of the assured be expressed in the proposal or application for insurance, and unless all incumbrances and the amount and nature thereof be therein disclosed. The interest of a person who is the mere purchaser or holder of an equity of redemption is not insurable ; but the interest of a mortgagor or mortgagee may be insured as such, the true state of the title being expressed. Property held by lease, or standing upon land so held, or improvements on the same, or property contained in buildings so standing, shall not be insured, unless specially described as such in the application."

ART. 13. " Unless the applicant for insurance shall make a correct description and statement of all facts inquired for in the application, and also all other facts material in reference to the insurance, or to the risk, or the value of the property, the policy issued thereon shall be void ; and in case the application is made through an agent, the applicant shall be held liable for the representation. No insurance agent or broker forwarding applications to this office is authorized to bind the company in any case whatever."

The application contained numerous printed questions and written answers, among which were these : " 1. Whose is the property to be insured, and where situated ? " *Answer.* " Robert G. Marsh, Railroad Street, Springfield, Mass." " 14. If the property is incumbered, state for how much and to whom. State the true title and interest." *Answer.* " Mortgaged with

other property to the party to whom the policy is made paya-
ble." Also this clause : " The applicant further agrees that the
misrepresentation or suppression of material facts shall destroy
his claim for a damage or loss; and that the company shall not
be bound by any act done or statement made to or by any
agent or others, not contained in this application." The appli-
cation was signed " Robert G. Marsh by R. E. Ladd."

The case was submitted to the decision of the court upon
the policy and application and the following statement:

Marsh was the owner of the building, but was not the owner
of the land upon which it stood, and had no written lease of
the land, but paid an annual rent to the owners thereof.

The defendants had duly appointed R. E. Ladd of Spring-
field their agent, with proper instructions to receive and solicit
applications for insurance, to forward them to the defendants'
office at Salem, (where they were to be approved, the rate fixed
and a contract made or refused,) to receive the policy from the
defendants, if issued, deliver it to the applicant, and receive
from him the cash premium ; and had furnished Ladd with the
usual blanks for that purpose. But Marsh had no knowledge
of the instructions and authority of Ladd, further than is to be
legally presumed from receiving the policy with the by-laws
attached.

The plaintiffs can prove the following facts, if admissible :
This property had been previously insured in another company
for which Ladd also acted, by a policy about to expire, and
Ladd, knowing that Marsh was desirous of procuring a policy
in another company, prepared this application and forwarded it
to the defendants, and received back this policy, and notified
Marsh that he had such a policy for him. Marsh meanwhile,
not knowing that the application had been made or was to be
made to the defendants, had made arrangements for insuring
the property in another office, which arrangements, upon receiv-
ing notice from Ladd that he already had the policy in suit for
him, he abandoned, and received this policy from Ladd. Marsh
never saw the contents of this application, and never was in-
formed thereof, nor that any written application had been made

to the defendants for the policy, except by the statements con-
tained in the policy and by-laws. Ladd well knew the condi-
tion of the title and interest of Marsh, but either considered it
unimportant, or supposed that the description given implied
only the ownership of the buildings.

*J. Wells,* for the plaintiffs. The by-laws do not, unless by
inference, require the application to be signed by the assured,
or to be in writing. The reference to the application in the
policy is for description only of the subject matter insured.
The assured did not therefore by accepting the policy adopt the
signature or the agency of Ladd for him, nor the stipulations
not part of the description. *Allen* v. *Charlestown Mutual Fire
Ins. Co.* 5 Gray, 384. *Howard Fire Ins. Co.* v. *Bruner,* 23
Penn. State R. 50. *Hartford Protection Ins. Co.* v. *Harmer,* 2
Ohio State R. 452. There is no misdescription of the owner-
ship and incumbrances. *Strong* v. *Manufacturers' Ins. Co.* 10
Pick. 40. *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535. *Gates*
v. *Madison County Mutual Ins. Co.* 2 Comst. 43. *Nicoll* v.
*American Ins. Co.* 3 Woodb. & M. 529. *Sayles* v. *Northwestern
Ins. Co.* 2 Curt. C. C. 610. The question relates only to the
title of the building insured, not of the land on which it stands.
The statement is for their information only, and does not ma-
terially affect the identity of the property at risk, nor its value,
nor, so far as appears, the degree of risk, nor rate of premium,
nor their lien. *Sts.* 1845, *c.* 17 ; 1854, *c.* 453, § 22.

The defendants have waived compliance with the require-
ments of the twelfth by-law ; both by issuing forms of appli-
cation, for the guidance of applicants and their own agents,
without any inquiry directing attention to this particular ; and
by making this policy upon the survey and knowledge of their
own agent, without requiring any personal disclosure or agree-
ment from Marsh. Angell on Ins. § 470. *Buffum* v. *Bowditch
Mutual Fire Ins. Co.* 10 Cush. 540. *Forbes* v. *Agawam Mutual
Fire Ins. Co.* 9 Cush. 470. *Marshall* v. *Columbian Mutual Fire
Ins. Co.* 7 Foster, 157. *Union Mutual Fire Ins. Co.* v. *Keyser,*
32 N. H. 313. *Beebe* v. *Hartford County Mutual Fire Ins.
Co.* 25 Conn. 51. *Bevin* v. *Connecticut Mutual Life Ins. Co.* 23

Conn. 244. *Masters* v. *Madison County Mutual Ins. Co.* 11 Barb. 624. *Ames* v. *New York Union Ins. Co.* 14 N. Y. 253. *Wilson* v. *Conway Fire Ins. Co.* 4 R. I. 141. *Roth* v. *City Ins. Co.* 6 McLean, 324. *Nicoll* v. *American Ins. Co.*, *Howard Fire Ins. Co.* v. *Bruner*, and *Hartford Protection Ins. Co.* v. *Harmer*, . above cited. *Newcastle Fire Ins. Co.* v. *Macmorran*, 3 Dow, 255. *Wing* v. *Harvey*, 5 De Gex, Macn. & Gord. 265.

The description given may be fairly held to apply to an interest in the building without any ownership of land. And the facts relied upon by the plaintiffs are competent evidence for the purpose of giving it that application. 1 Duer on Ins. 173, 177, 178. *Simpson* v. *Henderson*, Mood. & Malk. 300. *Kennebec Co.* v. *Augusta Ins. & Banking Co.* 6 Gray, 204.

*G. Walker & J. W. Perry*, for the defendants, cited *Smith* v. *Bowditch Mutual Fire Ins. Co.* 6 Cush. 448 ; *Lowell* v. *Middlesex Mutual Fire Ins. Co.* 8 Cush. 127 ; *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 175 ; *Hale* v. *Mechanics' Mutual Fire Ins. Co.* 6 Gray, 169 ; *Marshall* v. *Columbian Mutual Fire Ins. Co.* 7 Foster, 157 ; *Leathers* v. *Farmers' Mutual Fire Ins. Co.* 4 Foster, 259 ; *Loehner* v. *Home Mutual Ins. Co.* 17 Missouri, 247.

METCALF, J. It has been decided so many times as to have become common learning, that when a policy of insurance is made subject to the provisions and conditions of the underwriters' charter and by-laws, those provisions and conditions are legally a part of the contract of insurance, to the same effect as if. they were set forth at large in the policy. The policy in this case not only insures Marsh generally, "under the provisions, conditions and limitations of the charter and by-laws" of the defendants, but also specially declares that the conditions and regulations of that charter and those by-laws form a part of the policy, and that the policy is accepted by the insured, subject to those conditions and regulations.

The twelfth article of the defendants' by-laws provides that "any policy shall be void, unless the true title and interest of the assured be expressed in the proposal or application for insurance ;" and that "property held by lease, or standing upon land so held, shall not be insured, unless specially described as such

in the application." When this policy was made, Marsh held the tenements, which are therein described, under an oral lease, as tenant at will. Yet in his application he did not specially describe them as so held, but merely stated them to be his property. The policy states that the defendants relied on the lien, given them by the law, upon the interest of the person insured in any buildings covered by the policy, and the land under those buildings. But the defendants could not have any lien at all on the land under the buildings, nor a lien of any value on the buildings.

It is argued for the plaintiffs, that Marsh is not bound by Ladd's representations to the defendants. But we cannot doubt that Marsh, by accepting the policy, adopted Ladd as his agent, and the representations of Ladd as if made by himself personally.

We cannot perceive any ground for the suggestion that the defendants waived, in this case, a compliance with the twelfth article of their by-laws. And the parol evidence, which it is agreed the plaintiffs could adduce, would not be admissible to vary the legal effect of the terms of the policy. *Jenkins* v. *Quincy Mutual Fire Ins. Co.* 7 Gray, 370.

*Judgment for the defendants.*